DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2012–29 |
| | ) | |
| WILLIAMS CARABALLO and GLISELL | ) | |
| ALEXANDRA HERRERA, | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

**Ronald W. Sharpe, United States Attorney**
**Ishmael Meyers, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the plaintiff,*

**Nancy D'Anna, Esq.**
Law Offices of Nancy D'Anna
St. John, VI
    *For the defendant Williams Caraballo,*

**George H. Hodge, Jr., Esq.**
Law Offices of George H. Hodge, Jr.
St. Thomas, VI
    *For the defendant Glisell Alexandra Herrera.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Glisell Alexandra Herrera, to dismiss the Indictment in this matter. The United States of America opposes the motion.

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 2

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2002, the defendant Williams Caraballo ("Caraballo") applied for a United States Passport for his daughter, Winefel Caraballo. As proof of citizenship of his daughter, Caraballo submitted a Puerto Rican birth certificate (the "Birth Certificate"). The Birth Certificate stated that Winefel Caraballo had been born on November 11, 2000, in Bayamon, Puerto Rico. Caraballo swore under oath that the Birth Certificate was true and accurate and that his daughter was a United States Citizen. Thereafter, Winefel Caraballo was issued United States Passport Number XXXXXX652 ("Passport No. XXXXXX652").

On June 19, 2007, shortly before the expiration of Passport No. XXXXXX652,[1] Caraballo, along with the defendant Glisell Alexandra Herrera ("Herrera"), the mother of Winefel Caraballo, applied for a new passport for their daughter. As proof of their daughter's citizenship, Caraballo and Herrera allegedly submitted Passport No. XXXXXX652, along with the Birth Certificate. Caraballo and Herrera both allegedly swore under oath that the Birth Certificate was true and accurate and that their daughter was a United States citizen. Thereafter, Winefel

_____

[1] Unlike passports issued to adults, passports issued to individuals aged sixteen and under are normally valid for only five years. 22 C.F.R. 51.4(b)(2).

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 3

Caraballo was issued United States Passport Number XXXXXX312 ("Passport No. XXXXXX312").

On July 19, 2012, after Passport No. XXXXXX312 had expired, Caraballo and Herrera again applied for a new passport for their daughter. As proof of citizenship of their daughter, Caraballo and Herrera allegedly submitted Passport No. XXXXXX312 and the Birth Certificate. Caraballo and Herrera again allegedly swore under oath that the Birth Certificate was true and accurate and that their daughter was a United States citizen.

On August 3, 2012, the Miami Passport Office requested that the Puerto Rican Demographic Registry (the "PRDR") confirm the validity of the Birth Certificate. In response to this request, the PRDR informed the Miami Passport Office that the Birth Certificate was fraudulent. The PRDR further stated that there is no record of Winefel Caraballo being born in Puerto Rico.

The United States of America (the "United States") initiated this criminal action by the filing of a complaint on October 15, 2012. On November 1, 2012, the Grand Jury returned a four-count indictment against Caraballo and Herrera (the "Indictment"). Count One charges that on June 19, 2007, Caraballo and Herrera made a false statement in their application for a passport, in violation of Title 18, Section 1542 of the United States Code. Count Two charges that on July 19, 2012, Caraballo and Herrera made a false statement in their

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 4

application for a passport, also in violation of Title 18,

Section 1542 of the United States Code. Count Three charges that

Caraballo and Herrera committed fraud in relation to an

identification document, in violation of Title 18, Section

1028(a)(4) of the United States Code. Count Four charges that on

July 19, 2012, Caraballo and Herrera submitted a false document

to a department of the United States, in violation of Title 18,

Section 1001 of the United States Code.

Herrera now moves to dismiss the Indictment pursuant to

Federal Rule of Criminal Procedure 12(b)(2) on the ground that

it is time-barred. The United States opposes the motion.

## II.  DISCUSSION

Federal Rule of Civil Procedure 12 ("Rule 12") provides, in

pertinent part: "A party may raise by pretrial motion any

defense, objection, or request that the court can determine

without a trial of the general issue." Fed. R. Crim. P.

12(b)(2). This includes "a motion alleging a defect in the

indictment or information . . . ." *Id.* at 12(b)(3)(B).

In analyzing a motion to dismiss an indictment under Rule

12, "the Court must accept as true the facts alleged in the

indictment and determine if those facts constitute a violation

of the law under which [the defendant] is charged." *United

States v. Clark*, 88 F. Supp. 2d 417, 419 (D.V.I. 2000) (citing

*United States v. Frankfort Distilleries*, 324 U.S. 293, 296

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 5

(1945); *United States v. Stewart*, 955 F. Supp. 385, 386 (E.D. Pa. 1997)). "If the facts alleged do no constitute a violation of federal law, the charges should be dismissed." *Id.*

## III. <u>ANALYSIS</u>

Herrera argues that the Indictment should be dismissed because more than ten years has elapsed since Caraballo first used the Birth Certificate to obtain a passport for Winefel Caraballo.

Counts One and Two charge Herrera with violations of Title 18, Section 1542 of the United States Code ("Section 1542"). Section 1542 is governed by a ten-year statute of limitations. 18 U.S.C. § 3291 ("No person shall be prosecuted . . . for violation of any provision of . . . sections 1541 to 1544 . . . of title 18 of the United States Code . . . unless the indictment is found . . . within ten years after the commission of the offense.") ("Section 3291").

Count Three charges Herrera with a violation of Title 18, Section 1028(a)(4) of the United States Code ("Section 1028(a)(4)"). As there is no specific statute of limitations related to this offense, it is subject to the five-year statute of limitations embodied in Title 18, Section 3282 of the United States Code ("Section 3282"). *See* 18 U.S.C. § 3282(a); *see also United States v. Davidson*, Criminal No. H-10-201-3S (NKJ), 2010 WL 3521726, at *3.

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 6

Count Four charges Herrera with a violation of Title 18, Section 1001 of the United States Code ("Section 1001"). Section 1001 is likewise subject to the five-year statute of limitations. *See* 18 U.S.C. § 3282(a); *see also United States v. Smith*, 740 F.2d 734, 736 (9th Cir. 1984).

The statute of limitations begins to run when the crime is complete. *Toussie v. United States*, 397 U.S. 112, 115 (1970). A crime is complete when each element of the crime has occurred. *See United States v. Disantillo*, 615 F.2d 128, 134 (3d Cir. 1980).

"A violation [of Section 1542] requires only two things: [1] the making of a false statement, [2] with the intent to secure the issuance of a passport." *United States v. Salinas*, 373 F.3d 161, 165 (1st Cir. 2004) (citing *United States v. White*, 1 F.3d 13, 16 (D.C. Cir. 1993)). Thus, "passport fraud is complete at the moment an applicant makes a knowingly false statement in an application with a view toward procuring a passport." *Id.* (citing *United States v. O'Bryant*, 775 F.3d 1528, 1535 (11th Cir. 1985)).

A violation of Section 1028(a)(4) requires (1) knowing (2) possession of an identification document, (3) with the intent to use such document to defraud the United States. 18 U.S.C. § 1028(a)(4); *see also United States v. Remache-Garcia*, 102 F. App'x 761, 763 (3d Cir. 2004).

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 7

A violation of Section 1001 requires (1) use of a writing (2) knowing that the writing contains any materially false, fictitious, or fraudulent statement (3) in any matter within the jurisdiction of the Government of the United States. 18 U.S.C. § 1001(a)(3); *see also United States v. Silman*, 287 F. App'x 224, 226 (3d Cir. 2008).

Here, the Indictment alleges that, on or about June 19, 2007, and again, on or about July 19, 2012, Herrera made a false statement in an application for a passport, namely, that the Birth Certificate was valid. The Indictment further alleges that, on or about July 19, 2012, Herrera knowingly used a false identification document with the intent to defraud the United States, namely, the Birth Certificate. The Indictment further alleges that on or about July 19, 2012, Herrera knowingly submitted a document that contained a materially false statement to the Department of State, namely, the Birth Certificate.

On its face, the four counts of the Indictment all charge offenses that occurred well within the relevant statutory periods. Herrera nonetheless argues that the Indictment should be dismissed because "[t]he offenses alleged in Counts 1 thru [*sic*] 4 of the indictment occurred on July 11, 200[2] when Caraballo allegedly submitted the birth certificate with an application for Winefel's U.S. passport." (Herrera's Mot. to Dismiss 3.)

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 8

At the outset, Herrera's motion suffers from a substantial procedural defect. Ordinarily, in the context of a motion to dismiss brought pursuant to Federal Rule of Criminal Procedure 12(b), "the Court is not free to consider evidence not appearing on the face of the indictment." *United States v. Winer*, 323 F. Supp. 604, 605 (E.D. Pa. 1971). Herrera's motion, however, relies on facts outside the Indictment--specifically, that Caraballo previously used the Birth Certificate to apply for a passport for Winefel Caraballo in 2002. This conduct is neither described nor charged in the Indictment. It would thus be more proper to raise this issue after some evidence about the 2002 passport application had been presented at trial.

However, even assuming the Court could now entertain Herrera's motion, it is without merit. Herrera first relies on the decision of the Court of Appeals for the Fifth Circuit in *United States v. Davis*, 533 F.2d 921 (5th Cir. 1976), for the proposition that the United States' continuing reliance on a false statement does not toll the statute of limitations. In that case, the defendants allegedly submitted a proposed contract to the Department of Labor with several forged signatures and sundry other misrepresentations. Five years and one month later, the defendants were charged with conspiracy to violate Section 1001. The Fifth Circuit held that the submission of the proposed contract could not constitute an act in

*United States v. Caraballo*
Criminal No. 2012-29
Memorandum Opinion
Page 9

furtherance of the conspiracy because, "in order to convict[,]

the government must have alleged . . . an overt act in

furtherance of the conspiracy occurring . . . within the five

years prior to the return date of the indictment." *Id.* at 926.

   *Davis* is inapposite. Here, Herrera is alleged to have made

false statements well within the ten-year statute of limitations

applicable to Section 1542 and within the five-year statute of

limitations applicable to Sections 1028(a) and 1001.

Significantly, the Indictment does not charge Herrera with

violations of Sections 1028(a) and 1001 relating to the June 19,

2007, passport application, as that conduct did occur more than

five years before the return date of the Indictment.[2] For the

foregoing reasons, Herrera's motion to dismiss will be denied.

   An appropriate order follows.

                                    S_____

                                      **Curtis V. Gómez**
                                      **Chief Judge**

_____

   [2] The Court notes that on each occasion--July 11, 2002, June 19, 2007,
and July 19, 2012--Winefel Caraballo's parents applied for new passports for
their daughter. Each passport was issued separately and had its own
identifying number. Although the process of receiving a new passport after a
prior passport has expired is commonly referred to as a "renewal," this
terminology is not strictly accurate. Should a passport expire, or otherwise
become invalid or unusable, an individual must apply for a new passport. A
false statement made in an application for a second or third passport is thus
proscribed with equal force as a false statement made in an application for
an individual's first passport. *See, e.g.*, *United States v. Bruteyn*, 373 F.
App'x 247, 248-50 (affirming conviction under Section 1542 for a defendant
who, in an application for a new passport, falsely claimed he had lost his
prior passport).